JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Randy Restle

**DEFENDANTS**
Trump Entertainment Resorts, Inc. d/b/a Trump Plaza Hotel and Casino, Norca Johnson, and John Does 1-10

**(b)** County of Residence of First Listed Plaintiff    Atlantic County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Atlantic County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Zachary R. Wall, Esquire/Alan H. Schorr & Associates, P.C.
5 Split Rock Drive, Cherry Hill, NJ 08003
Phone: (856) 874-9090; Email: zwall@schorrlaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark |    Corrupt Organizations |
|    Student Loans | ☐ 340 Marine |    Injury Product | | | ☐ 480 Consumer Credit |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud |    Act | ☐ 862 Black Lung (923) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal |    Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☒ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - |    Product Liability |    Leave Act | |    Act |
| |    Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |    Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | |    or Defendant) |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    26 USC 7609 |    State Statutes |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other | ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.A. 2601
Brief description of cause:
Violation of Family and Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
04/09/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin**. Place an "X" in one of the six boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RANDY RESTLE;

                Plaintiff,

v.

TRUMP ENTERTAINMENT RESORTS,
INC. d/b/a TRUMP PLAZA HOTEL
AND CASINO; NORCA JOHNSON; and
JOHN DOES 1-10 (fictitious
names of entities and/or
individuals whose identities
are presently unknown),
individually, jointly,
severally and/or in the
alternative,

                Defendants.

CASE No.:

CIVIL ACTION

**COMPLAINT AND JURY DEMAND**

---

The Plaintiff, RANDY RESTLE, by way of complaint against the Defendants, TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO and NORCA JOHNSON, states as follows::

### NATURE OF ACTION

1.    This is an action for the recovery by the Plaintiff as a former employee of the Defendants for damages in the amount of lost wages, emotional distress, benefits, and other remuneration, including attorney fees and costs, by reasons of the Defendants' violation of the Plaintiff's rights under THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, et seq. ("NJLAD"); and THE FAMILY AND MEDICAL LEAVE ACT, 29

1

U.S.C.A. 2601, et seq. ("FMLA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332, and 1343.  This action is authorized and instituted pursuant to the laws of the United States (FMLA) and the State of New Jersey  (NJLAD).

3.  Venue is appropriately laid in the United States District Court for the District of New Jersey, as the causes of action alleged herein occurred in this district.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## THE PARTIES

4.  Upon information and belief, at all times relevant herein, Defendant TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO (hereafter "Trump Plaza") owns and operates two casino resort properties: Trump Taj Mahal Casino Resort and Trump Plaza Hotel and Casino, both located on the Boardwalk in Atlantic City, New Jersey. Together, the company operates over 4,100 slot machines, over 250 table games, and over 2,900 hotel rooms.

5.  Upon information and belief, at all times relevant herein, Defendant Trump Plaza has been a foreign profit corporation authorized to do business in the State of New Jersey, and

2

operates and conducts business in Atlantic County, New
Jersey.

6.   Upon information and belief, Defendant Norca Johnson
("Johnson") was employed by Trump Plaza as Employee
Relations Manager and at all relevant times had supervisory
authority over the Plaintiff.  Upon information and belief,
Johnson resides in Atlantic County, New Jersey.

7.   Upon information and belief, Defendants jointly developed,
implemented, and enforced policies regarding employee
responsibilities, benefits, discipline, and programs at the
Trump Plaza facility.

8.   Upon information and belief, Defendants shared joint control
and responsibility over employee terminations, employee
performance evaluations, discrimination complaints, employee
family and medical leaves, and employee disability leaves at
the Trump Plaza facility.

9.   Over the course of Plaintiff's employment, Defendant Johnson
aided and abetted in the discrimination and retaliation
against Plaintiff.

10.  Upon information and belief, Defendant Johnson was directly
involved in the unlawful discharge of the Plaintiff.

11.  The Plaintiff, Randy Restle ("Mr. Restle" and "Plaintiff"),
was employed by Defendant Trump Plaza for over 33 years,
from on or about November 6, 1980 until his unlawful

3

termination on December 21, 2013.  Mr. Restle resides in Atlantic County, New Jersey.

12.   At the time of his termination, Mr. Restle was working as a "Casino Shift Manager" and "Dual Rate Supervisor" for Trump Plaza and was performing his job duties to the reasonable expectation of his employer.

### FACTS IN COMMON TO ALL CAUSES OF ACTION

13.   The Plaintiff suffers from the conditions of severe Lumbosacral Radiculopathy and Cervical Radiculopathy which, when triggered, have a substantially limiting role in Plaintiff's major life activities.

14.   During his employment, the Plaintiff made the Defendants aware of his disability.

15.   The Plaintiff had previously requested intermittent disability leave and FMLA protection in regard to his severe back and neck pain in February 2013.

16.   In the FMLA paperwork, Mr. Restle's physician, Sunil Singh M.D., certified that Plaintiff was unable to perform any of his job functions during flare-ups of his condition.

17.   Defendant Trump Plaza approved the FMLA request for intermittent leave in February 2013.  As a result, Mr. Restle should have been entitled to a maximum of sixty (60) protected days off when his disability was triggered.

18.   Trump Plaza's 2013 Employee Handbook states that an eligible

4

employee will be provided with Family/Medical leave for "an employee's own serious health condition, including on-the-job illness or injury, which makes him/her unable to perform <u>any</u> of the essential functions of their position."

19. The Handbook states, "Examples of intermittent leave would include leave taken on an occasional basis for medical appointments, or leave taken several days at a time spread over a period of six (6) months, such as for chemotherapy."

20. As a result of his tenure with Trump Plaza, Mr. Restle was also entitled to sick time. According to Defendants' Handbook, "Sick time is designed to ease the financial burden for employees who become ill; therefore, sick time must be used only for legitimate illness or pursuant to applicable Federal and State Law, i.e., Family and Medical Leave Act (FMLA)..."

21. On December 9, 2013, Dr. Singh performed a Lumbar epidural steroid injection on Mr. Restle.

22. The next day, December 10, 2013, Plaintiff was able to work a normal shift with minimal discomfort.

23. The following day, December 11, 2013, Mr. Restle realized upon waking up that he would not be able to work that day as he was in a significant amount of pain and could not stand or walk for an extended period of time.

24. Plaintiff followed all applicable policies and procedures in

calling out of work due to his disability.

25. Plaintiff's physician did not place any restrictions, other than to remove him from work, on Mr. Restle's activities during his days off due to the medical leave.

26. On the night of December 11, 2013, Plaintiff picked up his wife from a Christmas party. Plaintiff said hello to some old friends and had a plate of food. After spending less than two hours at their friend's home, Mr. Restle and his wife returned home.

27. Several days after his return to work, Mr. Restle was aggressively interrogated by Defendant Johnson on December 16, 2013 about his personal activities during his one day of medical leave.

28. As her purported evidence of employee misconduct, Johnson presented Mr. Restle with a copy of a *Facebook* photograph showing his attendance at the Christmas party. Plaintiff explained his medical condition to Johnson, the side effects of the earlier operative procedure, and his personal activities, or lack thereof, on December 11, 2013. Plaintiff offered to provide Johnson with the corresponding medical documentation from Dr. Singh.

29. Johnson subsequently admitted that she had no knowledge regarding Plaintiff's specific medical condition or any associated limitations.

6

30. Nevertheless, apparently convinced that Plaintiff was faking his ailments, Defendants placed Mr. Restle on investigative suspension.

31. On or about December 21, 2013, the Defendants terminated Mr. Restle because of an alleged violation of Trump Plaza's Rules of Conduct.

32. After the Plaintiff's termination, Defendant Johnson made intentional exaggerations and misrepresentations to the Department of Labor in attempts to prevent Mr. Restle from collecting unemployment insurance benefits.

33. During the unemployment hearings, the Defendants, apparently believing that the Plaintiff was lying about his disability, admitted that Plaintiff was terminated after "he called out intermittent on a day that we believe he was not ill."

34. During the unemployment Fact Finding hearing, Defendant Johnson was asked by the Department of Labor Deputy if the Plaintiff would have been subject to any disciplinary action if he had just called out using his regular sick time. Defendant Johnson responded:

> Would [he] have been terminated, no. Because he would have, the penalty he would have received would have been the attendance points. Now if we prove. Now if we have the ability to prove that you are asking to be paid sick and you weren't truly sick, that's a violation of our sick time policy, but he would not have been terminated if he had not used his loa [FMLA leave of absence].

7

35. Pursuant to the FMLA and its regulations (29 CFR 825.307), if the Defendants doubted the Plaintiff's medical certification, they had the right, and the obligation, to request an independent examination and/or a consultation with Plaintiff's physician.

36. Defendants never requested Plaintiff's permission to contact his medical providers to discuss his conditions and never actually spoke to any medical providers about Plaintiff's conditions.

### COUNT ONE –
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. 10:5-1, *et seq.* :
### DISCRIMINATION ON THE BASIS OF DISABILITY

37. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

38. The Plaintiff suffers from the conditions of severe Lumbosacral Radiculopathy and Cervical Radiculopathy which, when triggered, have a substantially limiting role in Plaintiff's major life activities.

39. Prior to his termination, Mr. Restle had performed his job duties to the reasonable expectation of his employer.

40. The Plaintiff was treated disparately from his non-disabled co-workers.  Mr. Restle was not offered the same benefits as other non-disabled employees.

8

41. Upon information and belief, Defendants were aware that another Casino Shift Manager had gone on a cruise in or about November 2013 and had fraudulently utilized paid sick days for the extended vacation.  This non-FMLA eligible employee was not disciplined.

42. Specifying some, but not all, of the unlawful action, or inaction, by Defendants:

   a.   Due to his disability, Plaintiff needed time off from work and properly requested that Defendants grant him a reasonable accommodation for time off.  Defendants denied this accommodation by surreptitiously obtaining a benign *Facebook* photo, and subsequently terminated him on a fabricated charge of misconduct;

   b.   Defendants failed to obtain an authorization and failed to contact Plaintiff's physician to inquire into Mr. Restle's medical status.  Instead, Defendants assumed that the Plaintiff was lying and terminated him.

   c.   Defendants failed to schedule an Independent Medical Examination to inquire into Mr. Restle's medical status. Instead, Defendants assumed that the Plaintiff was lying and terminated him.

43. Defendants did not have a non-discriminatory or non-retaliatory legitimate reason for Mr. Restle's termination.

44. Furthermore, Defendants terminated Mr. Restle's employment

9

and health insurance knowing that, due to his medical condition, the Plaintiff would need health insurance given all of the medical treatments and medications his condition required.

45.  As detailed more fully above, the Plaintiff was subjected to blatant acts of discrimination based on his disability.

46.  The discriminatory actions made against the Plaintiff would not have occurred but for the fact that the Plaintiff was disabled.

47.  The Plaintiff's disability was a determinative factor in the Defendants' decision to terminate him, and thus they discriminated against the Plaintiff in violation of the Law Against Discrimination.

48.  Defendant Johnson violated the Law Against Discrimination in that she took adverse actions against the Plaintiff on the basis of his disability.

49.  Defendant Johnson directly participated in the discrimination and therefore is individually liable pursuant to New Jersey Law Against Discrimination.

50.  Upon information and belief, there may be other John Does, to be identified through discovery, participated in or made decisions to discriminate against the Plaintiff.  These John Does may be later added as named parties.

51.  The alleged actions were outrageous and beyond all bounds of

human decency, justifying the imposition of punitive damages against all parties.

52. The acts alleged herein were performed with malice and reckless indifference to the Plaintiff's protected rights.

53. The willful indifference and actual participation of Trump Plaza creates liability against the corporation for the retaliatory actions against Plaintiff by Defendant Johnson.

54. As a result of the Defendants' intentional and outrageous actions toward the Plaintiff, as detailed in the previous paragraphs of this Complaint, the Plaintiff has suffered, and continues to suffer, physical injuries, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages, including damages for emotional distress, physical injury, loss of reputation and other personal injury, back pay, front pay, reinstatement with full seniority and benefits, consequential damages, punitive damages, pre- and post-judgement interest, enhancement for tax consequences, reasonable attorney's fees enhanced under the LAD, costs of suit, and any other relief this Court deems just.

11

## COUNT TWO –
## VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
## N.J.S.A. 10:5-1, *et seq.* :
## REFUSAL TO PROVIDE REASONABLE ACCOMMODATION

55. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

56. The Plaintiff suffers from the conditions of severe Lumbosacral Radiculopathy and Cervical Radiculopathy, which when triggered, have a substantially limiting role in Plaintiff's major life activities.

57. Prior to his termination, Mr. Restle had performed his job duties to the reasonable expectation of his employer.

58. Due to his disability, Plaintiff needed time off from work and properly requested that Defendants grant him a reasonable accommodation for time off. Defendants denied this accommodation by by surreptitiously obtaining a benign *Facebook* photo, and subsequently terminated him on a fabricated charge of misconduct.

59. Despite Mr. Restle's request for a reasonable accommodation, the Defendants refused to make any attempt to engage in an interactive process nor did they make any attempt to make arrangements for Mr. Restle to return to his job.

60. Moreover, Defendants refused to communicate with Mr. Restle after the Plaintiff tried to keep a channel of communication

open by updating his medical condition and progress towards recovery.

61. Plaintiff was a productive and successful employee and the accommodation clearly did not pose any undue hardship to Defendants.

62. Defendants failed to make a good faith effort to provide Mr. Restle with reasonable accommodations.

63. Defendant Johnson violated the Law Against Discrimination in that she took adverse actions against the Plaintiff on the basis of his disability.

64. The discriminatory actions against the Plaintiff would not have occurred but for the fact of Plaintiff's disability.

65. Defendant Johnson directly participated in the discrimination and therefore is individually liable pursuant to New Jersey Law Against Discrimination.

66. Upon information and belief, there may be other John Does, to be identified through discovery, participated in or made decisions to discriminate against the Plaintiff. These John Does may be later added as named parties.

67. The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against all parties.

68. The acts alleged herein were performed with malice and reckless indifference to the Plaintiff's protected rights.

13

69. The willful indifference and actual participation of Trump Plaza creates liability against the corporation for the retaliatory actions against Plaintiff by Defendant Johnson.

70. As a result of the Defendants' intentional and outrageous actions toward the Plaintiff, as detailed in the previous paragraphs of this Complaint, the Plaintiff has suffered, and continues to suffer, physical injuries, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages, including damages for emotional distress, physical injury, loss of reputation and other personal injury, back pay, front pay, reinstatement with full seniority and benefits, consequential damages, punitive damages, pre- and post-judgement interest, enhancement for tax consequences, reasonable attorney's fees enhanced under the LAD, costs of suit, and any other relief this Court deems just.

### COUNT THREE –
### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C.A. 2601, ET AL.

71. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

14

72. During the Plaintiff's employment with Trump Plaza, he required, requested, and was approved for leave under the Family and Medical Leave Act of 1993 ("FMLA").

73. Due to his disability, Mr. Restle was unable to work and under her doctor's care on December 11, 2013.

74. Apparently believing that Plaintiff and his physician were lying, Defendants terminated Mr. Restle rather than honoring his FMLA protection.

75. The Defendants terminated the Plaintiff on or about December 21, 2013.

76. Defendants' retaliatory termination of Mr. Restle for exercising his right to use his approved FMLA leave, constitutes willful discrimination and retaliation in violation of the Family and Medical Leave Act.

77. The Defendant employer has employed fifty (50) or more employees in at least twenty (20) weeks of the current or preceding year.

78. The Defendant employer has fifty (50) or more employees within seventy-five (75) miles of the Plaintiff's work location.

79. The Plaintiff had worked for the Defendant employer during the 12 months preceding her need for FMLA leave in February 2013.

80. The Defendant employer willfully violated the FMLA by

15

terminating the Plaintiff for exercising his right to FMLA protection.

81. Defendant Johnson directly participated in the retaliation and therefore is individually liable pursuant to the FMLA.

82. Upon information and belief, there may be other John Does, to be identified through discovery, participated in or made decisions to discriminate against the Plaintiff. These John Does may be later added as named parties.

83. The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against all parties.

84. The acts alleged herein were performed with malice and reckless indifference to the Plaintiff's protected rights.

85. The willful indifference and actual participation of Trump Plaza creates liability against the corporation for the retaliatory actions against Plaintiff by Defendant Johnson.

86. As a result of the Defendants' willful and intentional outrageous actions toward the Plaintiff, as detailed in the previous paragraphs and Counts of this Complaint, the Plaintiff has suffered, and continues to suffer, extreme emotional distress, anxiety, embarrassment, humiliation, monetary, emotional, reputational and other personal injuries.

**WHEREFORE**, the Plaintiff demands judgment against the

Defendants, jointly, severally and alternatively, for compensatory damages, including damages for emotional distress, loss of reputation, back pay, front pay, reinstatement with full seniority and benefits, consequential damages, punitive damages, pre- and post- judgment interest, enhancement for tax consequences, and reasonable attorney's fees.

**COUNT FOUR -**
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. 10:5-1, _et seq._ :**
**POST-TERMINATION RETALIATION**

87. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraph and Count of this Complaint as if fully set forth herein.

88. After Plaintiff's termination, the Defendants made intentional exaggerations and misrepresentations to the Department of Labor in attempts to deny Plaintiff access to unemployment insurance benefits.

89. Despite Defendants' intentional exaggerations and misrepresentations, the Department of Labor correctly ruled in favor of the Plaintiff.

90. The Defendants, by their aforementioned described actions, have retaliated against the Plaintiff in violation of the New Jersey Law Against Discrimination as set forth in Roa v. Roa, 200 N.J. 555, (2010).

91. Defendant Johnson directly participated in the

17

discrimination and therefore is individually liable pursuant to New Jersey Law Against Discrimination.

92. Other John Does, to be identified through discovery, participated in or made decisions to discriminate against the Plaintiff.

93. The alleged actions were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against all parties.

94. The acts alleged herein were performed with malice and reckless indifference to the Plaintiff's protected rights.

95. The willful indifference and actual participation of Trump Plaza creates liability against the corporation for the retaliatory actions against Plaintiff by Defendant Johnson.

96. As a result of the Defendants' intentional and outrageous actions toward the Plaintiff, as detailed in the previous paragraphs of this Complaint, the Plaintiff has suffered, and continues to suffer, physical injuries, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages, including damages for emotional distress, physical injury, loss of reputation and other personal injury, back pay, front pay, reinstatement with full seniority and

18

benefits, consequential damages, punitive damages, pre- and post-judgement interest, enhancement for tax consequences, reasonable attorney's fees enhanced under the LAD, costs of suit, and any other relief this Court deems just.

### COUNT FIVE – JOHN DOES

97. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraphs and Counts as if fully set forth herein.

98. Although the Plaintiff believes that the acts complained of were performed or caused by the named Defendants, the Plaintiff cannot be certain that the named Defendant is the only person(s) or entity(ies) liable for the acts complained of as set forth herein. Therefore, the Plaintiff has named John Does 1 – 10, fictitious persons or legal entities as Defendant(s) to this action.

99. As such, the terms "Defendant" or "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John Doe(s)".

**WHEREFORE**, the Plaintiff demands judgment against the Defendant and John Does 1 – 10, jointly, severally, and alternatively, for such sums as would reasonably and properly compensate the Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

19

By: _____

Zachary R. Wall, Esquire

Dated: April 9, 2014

## JURY DEMAND

Plaintiffs demand trial by jury as to all of the triable issues of this complaint.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all of part of all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Alan H. Schorr, Esquire, is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER ACTIONS

It is stated that the matter in controversy is not the

20

subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

### NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendant(s) should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A.   The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation

21

(optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

B.   The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data.  Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C.   The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter.

D.   The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

By: _____
     Zachary R. Wall, Esquire
     **Alan H. Schorr & Associates, P.C.**
     *Attorneys for the Plaintiff*
     5 Split Rock Drive
     Cherry Hill, NJ 08003
     Phone: (856) 874-9090
     Fax: (856) 874-9080
     E-mail: z.wall@schorrlaw.com
     Atty. Id. No.: 023032007

DATED: April 9, 2014